UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
MICHAEL FAGAN KUHNMUENCH,

       Plaintiff,

  -v-                                                No. 16-CV-9162-LTS

PHENIX PIERRE, LLC, LE PIERRE LLC,
and LIN SHI a/k/a "PHENIX PIERRE",
individually,

       Defendants.
-------------------------------------------------------x

<u>MEMORANDUM OPINION AND ORDER</u>

       Plaintiff Michael Fagan Kuhnmuench ("Plaintiff" or "Kuhnmuench") brings this civil rights and wage and overtime labor action against Defendants Phenix Pierre, LLC ("Phenix Pierre"), Le Pierre LLC ("Le Pierre"), and Lin Shi ("Shi") (collectively, "Defendants"), pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e <u>et</u> <u>seq.</u> ("Title VII"), the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 <u>et seq.</u>, New York State Executive Law § 296 (the "NYSHRL"), New York City Administrative Code § 8-107 (the "NYCHRL"), 12 New York Code, Rules, and Regulations §§ 142-2.2, 2.6, 2.7 ("NYCCR"), and New York Labor Law (the "NYLL") § 661. In a thirteen-count Amended Complaint, Plaintiff, who describes himself as a former employee of Defendants, alleges that Defendants subjected him to unlawful gender and sexual orientation discrimination, retaliation, aiding and abetting of the same, interference with protected rights, denial of overtime, and violations of employee records maintenance and notice requirements.

       The Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1367 and 29 U.S.C. § 2617.

Defendants now move to dismiss the Amended Complaint for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), and request that the Court decline to exercise supplemental jurisdiction of the remaining state- and local-law claims, pursuant to 28 U.S.C. § 1367(c), if Plaintiff's federal claims are dismissed. (Docket Entry No. 20.)

The Court has carefully reviewed all of the parties' submissions and, for the following reasons, the Defendants' motion is granted.

BACKGROUND

The following facts are derived from the allegations of the Amended Complaint ("Am. Compl.", Docket Entry No. 19), and are assumed to be true for purposes of the instant motion practice.

Shi owns and operates multiple business entities, including Phenix Pierre and Le Pierre, which are structured as limited liability companies ("LLCs"). (Am. Compl. ¶¶ 13, 15.) Shi is the managing member of the LLCs, which do business in a variety of fields, including fashion, restaurant, and real estate. (Id.) Plaintiff refers to the companies other than Phenix Pierre and Le Pierre as "The Fashion Company," "The Restaurant Company," and "The Real Estate Company" (collectively, "The Other Companies"). (Id. ¶¶ 15, 18, 27.)

Shi hired Plaintiff to be his English tutor in or around January 2016. (Id. ¶ 19.) A few months later, in April 2016, Plaintiff was hired to be Shi's full-time Executive Assistant. (Id. ¶ 24.) Under an employment agreement, Plaintiff was to receive an annual salary of $71,500.00. (Id. ¶ 26.) Shi created Phenix Pierre as the entity from which Plaintiff would receive his compensation. (Id. ¶ 25.) During his employment, Plaintiff performed duties for

Defendants and The Other Companies, including scheduling and attending meetings to hire staff, between contractors and city permit offices, and to review supplies for The Restaurant Company; scheduling and attending meetings with real estate agents for The Real Estate Company, relating to Shi's desire to purchase a building in Manhattan; interviewing potential employees for The Fashion Company, reviewing a potential location and posting job listings for The Fashion Company; and, as Shi's Executive Assistant, tutoring Shi in English, scheduling personal and business meetings, dealing with Shi's household supplies and home repair providers, accompanying Shi while shopping for clothing, attending to other private care and social events for Shi, and accompanying Shi to various events. (Id. ¶¶ 27-33.) Plaintiff's primary duties required him to communicate with people and companies in "the 'Tri-State' (New York, New Jersey and Connecticut) area on a daily basis." (Id. ¶ 33.) Defendants required Plaintiff to work over forty hours every week without compensating Plaintiff with overtime pay. (Id. ¶ 34.) On "numerous occasions," Plaintiff worked more than 10 hours per day and, as an "Executive Assistant," he was "frequently on call, around the clock, and any[ ]time spent with [] Shi was in Plaintiff's capacity" as Shi's employee. (Id. ¶¶ 35-36.)

       Plaintiff is a heterosexual man and Shi is a homosexual man. (Id. ¶¶ 8, 11.) On numerous occasions, Plaintiff alleges, Shi shared intimate information with him about his sexual relationships, and made sexual comments and unwelcome advances to Plaintiff, even after Plaintiff repeatedly asked Defendant not to do so. (Id. ¶¶ 38-41, 43.) For instance, in or around the end of April 2016, Shi allegedly "frequently placed his hand on Plaintiff's waist, and placed his arm around Plaintiff's waist and shoulder." (Id. ¶ 42.) On or about April 22, 2016, Shi allegedly placed his foot in Plaintiff's crotch in an attempt to feel Plaintiff's genitalia, and

subsequently laughed at Plaintiff's horrified reaction. (Id. ¶¶ 44-45.) Plaintiff told Shi to refrain from repeating that behavior. (Id. ¶ 45.)

About a week later, on or about April 28, 2016, Plaintiff accompanied Shi to a nightclub where, Plaintiff alleges, Shi climbed the wall of the restroom stall next to the stall Plaintiff was using and attempted to watch him use the restroom. (Id. ¶¶ 47-50.) Several individuals witnessed this incident, and Plaintiff alleges that he "felt violated," "emotionally disturbed," and "humiliated." (Id. ¶¶ 52, 55-56.) On or about May 6, 2016, Plaintiff discussed this incident with Shi and told Shi that he cannot engage in such behavior "as an employer." (Id. ¶ 58.) Shi responded that he was "jok[ing]" with Plaintiff "as friends." (Id. ¶ 59.) Plaintiff also complained to Shi on May 6, 2016, that he was being subjected to a hostile work environment. (Id. ¶ 65.) That same month, "on numerous occasions," Shi told Plaintiff multiple times that he "'should have hired a gay boy,' instead of Plaintiff, a heterosexual male." (Id. ¶ 63.) On or about May 11, 2016, Shi provided Plaintiff with a "Notice of Termination of Employment" letter. (Id. ¶ 68.) Plaintiff was terminated "without good cause," effective May 26, 2016. (Id.) On or about May 13, 2016, Shi told Plaintiff, "Maybe I should find a gay boy assistant or another queen girl to work for me." (Id. ¶ 71.) Plaintiff was terminated on or about May 26, 2016. (Id. ¶ 73.)

## DISCUSSION

Defendants move, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss this action for failure to state a claim upon which relief may be granted. When considering a Rule 12(b)(6) motion, the Court accepts as true all non-conclusory factual allegations in the complaint and draws all reasonable inferences in the Plaintiff's favor. Roth v.

Jennings, 489 F.3d 499, 501 (2d Cir. 2007). To survive such a motion, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A court is not, however, required to accept "conclusory statements" made by the Plaintiff as true, nor do "legal conclusion[s] couched as [] factual allegation[s]" merit such deference. Twombly, 550 U.S. at 555.

Sufficiency of Allegations of "Employer" Status In Connection with Claims under Title VII

In his First and Second Causes of Action, Plaintiff seeks relief against Phoenix Pierre and Le Pierre for discrimination and retaliation in violation of Title VII. (See Am. Compl. ¶¶ 76-84.) Noting that Title VII defines a covered "employer" as one that, among other things, has regularly employed at least 15 people over a specified period of time, Defendants argue that Plaintiff has failed to plead facts necessary to support an inference of their Title VII "employer" status and that the Title VII causes of action should therefore be dismissed for failure to state a claim upon which relief may be granted. (Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiff's Amended Complaint ("Defs. Opening Br."), Docket Entry No. 21, at 3-6.)

As used in Title VII, the term "'employer' means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C.S. § 2000e(b) (LexisNexis 2009). "[A] Title VII defendant wishing to defeat a plaintiff's claim on the ground that it lacks fifteen employees is normally entitled to seek dismissal if the complaint shows on its

face that the element of statutory coverage is lacking . . . ." Da Silva v. Kinsho Int'l Corp., 229 F.3d 358, 365–66 (2d Cir. 2000).

While Plaintiff does not allege in the Amended Complaint that Phenix Pierre or any of the other Shi-related entities alone employed 15 employees at any given time, he pleads that the defendant entities, together with The Other Companies, "employed more than 15 employees." (Am. Compl. ¶ 18.) Under the joint employer doctrine, more than one entity can be considered the employer of a given individual for certain purposes if the entities "handle certain aspects of their employer-employee relationship jointly." Arculeo v. On-Site Sales & Marketing, LLC, 425 F.3d 193, 198 (2d Cir. 2005) (internal quotation marks and citation omitted). To evaluate "whether a joint employer relationship exists, courts consider 'commonality of hiring, firing, discipline, pay, insurance, records, and supervision.'" Lotfi v. Star Career Acad., 15-CV-02215-NRB, 2017 U.S. Dist. LEXIS 59125, at *13 (S.D.N.Y. March 23, 2017) (quoting NLRB v. Solid Waste Servs., Inc., 38 F.3d 93, 94 (2d Cir. 1994)) (citing Lima v. Addeco, 634 F. Supp. 2d 394, 400 (S.D.N.Y. 2009), aff'd, 375 Fed. App'x 54 (2d Cir. 2010)).

Although the Second Circuit has never held directly that the joint employer doctrine may be used to aggregate the employees of multiple entities for purposes of the 15-employee Title VII threshold, that court has articulated the analytical principles that would apply in such circumstances. In Arculeo, the court explained that, even when the requisite commonality of arrangements is present with respect to one employee, "it does not follow that all the employees of both employers are part of an integrated entity encompassing both." 425 F.3d at 199. Rather, the common employee may be included in the census of employees of a second entity to which he or she provides services, but the second entity's employees are not added to the census of other entities unless "the circumstances justify the conclusion that all the

employees of one are jointly employed by the other." Id. Here, the Amended Complaint proffers no general information regarding the personnel management practices of the Shi-related entities and thus fails to proffer a factual basis for an inference that all of the employees of all of the entities can properly be aggregated for Title VII employer-status purposes.

The Amended Complaint's Title VII causes of action thus fail to state claims upon which relief may be granted. Accordingly, Plaintiff's First and Second Causes of Action must be dismissed.

Federal Wage and Hour Law Claim: Eleventh Cause of Action

In his Eleventh Cause of Action, Plaintiff asserts a claim against all Defendants for denial of overtime pay in violation of the FLSA, alleging that he worked more than 40 hours in each week of his employment and was not compensated for hours worked above 40. (Am. Compl. ¶¶ 118-26.) Defendant argues that the claim must be dismissed for failure to allege with sufficient factual specificity that Defendants are "employers" within the meaning of the FLSA, that Plaintiff actually worked more than 40 hours a week, and that Plaintiff was not properly treated as an "exempt" employee for purposes of the FLSA's overtime pay requirements.

Defendants assert that Plaintiff fails to plausibly plead facts to support an inference that Plaintiff and the Defendants were each engaged in interstate commerce and thus covered by the FLSA. (Def. Opening Br. at 6-7.) Plaintiff asserts that the Amended Complaint's allegations that Plaintiff's "primary duties and responsibilities required Plaintiff to communicate with numerous individuals and companies in the 'Tri-State' (New York, New Jersey, and Connecticut) area on a daily basis" are sufficient to support an inference that Defendants and Plaintiff, as an employee of Defendants, were engaged in interstate commerce for purposes of the

FLSA. (Memorandum of Law in Opposition of Defendants' Motion to Dismiss the Amended Complaint Pursuant to FRCP 12(b)(6) ("Pl. Br."), Docket Entry No. 24, at 7-10 (quoting Am. Compl. ¶ 33).)

Section 207(a)(1) of the FLSA provides that, subject to exceptions, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C.S. § 207(a)(1) (LexisNexis 2013). Under the FLSA, an "employer" is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C.S. § 203(d) (LexisNexis 2013). The FLSA's definition of employment "is the broadest definition . . . that has ever been included in any one act . . . and it encompasses working relationships, which prior to the FLSA, were not deemed to fall within an employer-employee category." Zheng v. Liberty Apparel Co., 355 F.3d 61, 69 (2d Cir. 2003) (internal quotation marks, citations, and brackets omitted, alterations in original). "The definition of 'employer' is similarly expansive under New York law, encompassing any 'person employing any employee.'" Doo Nam Yang v. ACBL Corp., 427 F. Supp. 2d 327, 342 (S.D.N.Y. 2005) (quoting NYLL § 2(6)) (alteration in original) (brackets omitted).

"An employer is subject to [29 U.S.C.] § 207(a) coverage either (1) if the employer was an enterprise engaged in commerce or in the production of goods for commerce regardless of whether the plaintiff was so engaged, or (2) if an employee individually was engaged in commerce or in the production of goods for commerce." Jones v. SCO Family of

Servs., 202 F. Supp. 3d 345, 349 (S.D.N.Y. 2016) (citation and internal quotation marks omitted) (citing 29 U.S.C. § 207(a)(1)). For purposes of the FLSA, "commerce" is defined as "trade, commerce, transportation, transmission, or communication **among the several States or between any State and any place outside thereof**." 29 U.S.C.S. § 203(b) (LexisNexis 2013) (emphasis added). An "[e]nterprise engaged in commerce or in the production of goods for commerce means an enterprise that . . . has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and . . . is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)." 29 U.S.C.S. § 203(s)(1)(A) (LexisNexis 2013).

Even if a plaintiff has not pled "specific instances of interstate commerce," courts may "infer an interstate nexus based upon . . . factual allegations" in the complaint to determine whether a defendant is an "employer" under the FLSA. See Khurana v. JMP USA, Inc., No. 14-CV-4448 (SIL), 2017 WL 1251102, at *4 (E.D.N.Y. Apr. 5, 2017) (inferring an interstate nexus based "upon the factual allegations that the Corporate Defendant operated a gas station and that Plaintiff worked as a clerk selling gasoline to customers—a product reasonably presumed to have originated, at least in part, outside of New York State"). An employee's "regular and recurrent" interstate activities, including "regularly using the mails and telephone for interstate communication, or when regularly traveling across state lines while working," qualify for coverage under the FLSA. See Bowrin v. Catholic Guardian Soc., 417 F. Supp. 2d 449, 465-66 (S.D.N.Y. 2006).

Here, Plaintiff has not pled "specific instances of interstate commerce," and the Court cannot "infer an interstate nexus . . . based upon factual allegations" in the Amended Complaint to determine that the Defendants qualify as an "employer" for purposes of the FLSA. See Khurana, 2017 WL 1251102, at *4. Plaintiff alleges that his duties in connection with each of the relevant businesses referred to in the Amended Complaint, "required [him] to communicate with numerous individuals and companies in the 'Tri-State' (New York, New Jersey, and Connecticut) area on a daily basis," (see Am. Compl. ¶¶ 28-33). Even "drawing all reasonable inferences in his favor," the Amended Complaint fails to plead plausibly that Plaintiff's duties involved "regular and recurrent activities" in interstate commerce, as Defendants correctly note. Plaintiff's allegations that he communicated "with numerous individuals and companies in the 'Tri-State' . . . area on a daily basis" lack necessary specificity. (See id.) He could very well have made daily telephone calls within just New York, with only occasional communication with contacts in New Jersey or Connecticut. Nor does Plaintiff plead anywhere in the Amended Complaint that he scheduled or participated in business meetings that either occurred outside of New York or that were relevant in some way to interstate commerce. (See generally Am. Compl.) To survive a motion to dismiss for failure to state a claim, Plaintiff must plead plausibly an interstate commerce nexus. The Court thus finds that, based on the allegations in the Amended Complaint, that Plaintiff has not stated a viable claim against Defendants as "employers" for purposes of the FLSA.

Defendants' motion to dismiss the FLSA claim (the Eleventh Cause of Action) on the basis that Plaintiff fails to plead sufficiently that Defendants are an "employer" for purposes of the FLSA is therefore granted.

Supplemental Jurisdiction of State and Local Claims

Because Plaintiff has failed to state viable federal discrimination, retaliation, and wage and hour claims, the Court declines to exercise supplemental jurisdiction of Plaintiff's NYSHRL and NYCHRL claims (the Third through Tenth Causes of Action) and the New York state wage, hour, and recordkeeping claims (Twelfth and Thirteenth Causes of Action), pursuant to 28 U.S.C. § 1367(c).

CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the Amended Complaint is granted. The scheduled March 23, 2018, initial pre-trial conference is cancelled, and the Clerk of Court is directed to enter judgment and close this case.

This Memorandum Opinion and Order resolves Docket Entry Nos. 20 and 31.

SO ORDERED.

Dated: New York, New York
       March 15, 2018

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge